IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID DEWAYNE OCKERMAN                                           PLAINTIFF
ADC #88638

V.                               NO: 4:11CV00546 JMM

J.R.HOWARD *et al.*                                                 DEFENDANTS

**ORDER**

Plaintiff David Dewayne Ockerman, currently incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983 (docket entry #2), on July 5, 2011.

**I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible

on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted). Tetanus

## II. Analysis

In his original complaint, Plaintiff alleged that Defendants, Arkansas State Police Director J.R. Howard, and investigator Doug Estes, violated his constitutional rights in connection with an investigation. Because Plaintiff's complaint was too vague to determine if he stated a claim for relief, he was ordered to file an amended complaint, setting forth specific factual allegations against the Defendants, and how he was harmed as a result of their conduct.

On September 7, 2011, Plaintiff filed his amended complaint, which provided more factual allegations, and was docketed as adding Baker, a Sherwood police officer, as a Defendant (docket entry #8).

Based on the allegations in his complaint, and amended complaint, it is clear that Plaintiff's claims against Howard and Estes are that they failed to properly investigate a December 7, 2008, incident where Baker shot Plaintiff multiple times. Although Plaintiff alleges due process and other alleged constitutional violations, he has not identified any property or liberty interest he has in seeing that the state police investigation of Baker's conduct is handled appropriately.

To the extent that Plaintiff may be asserting that he was improperly charged or denied a fair trial because of the improper investigation, his claims must still be dismissed. It appears that Plaintiff is currently serving a sentence as a result of his conviction on charges made in connection with the incident, and any judgment in his favor would imply the invalidity of his conviction. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a

judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged or called into question by issuance of a federal writ of *habeas corpus*. *Id*. at 486-487. There is no indication that Plaintiff's conviction has been reversed, expunged or called into question by issuance of a federal writ of *habeas corpus*, and any judgement in his favor would certainly imply the invalidity of his conviction and his continued imprisonment. *See also Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (state prisoners may use only *habeas* remedies when they seek to invalidate duration of confinement, either directly through injunction compelling speedier release or indirectly through judicial determination that necessarily implies unlawfulness of State's custody). Accordingly, Plaintiff's claims against Howard and Estes must be dismissed for failure to state a claim for relief against either of them.

Although Plaintiff may have a valid constitutional claim against Baker for the alleged use of excessive force in connection with the shooting, such claims have already been raised in *Ockerman v. Nicholson et al.*, ED/AR No. 4:11CV451. Any attempt to further pursue them in this case is frivolous, and any claims against Baker must therefore be dismissed.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1.   Plaintiff's complaint is DISMISSED WITH PREJUDICE as frivolous, and for failure to state a claim upon which relief may be granted.

2.   This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.   The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 20th day of September, 2011.

                                                UNITED STATES DISTRICT JUDGE